# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

GUILLERMO SANTIAGO     )
     )
          Plaintiff,     )     C.A. No. N13C-07-205 RRC
     v.     )
     )
PETER L. LINDVALL,     )
     )
          Defendant.     )

Submitted: May 7, 2014
Decided: July 14, 2014

Upon Defendant Peter L. Lindvall's "Motion for Costs."
**DENIED.**

## ORDER

Michael W. Modica, Esquire, Wilmington, Delaware, Attorney for Plaintiff.

Peter L. Lindvall, Bear, Delaware, *pro se*, Defendant.

COOCH, R.J.

This 14th day of July 2014 it appears to the Court that:

1. Defendant Peter Lindvall ("Defendant") seeks reimbursement for costs incurred during the course of a jury trial, requested by the Defendant, in the Superior Court. This case, stemming from an altercation between Defendant's and Plaintiff's dogs,[1] was originally heard in Justice of the Peace Court. That court found in favor of the Plaintiff, and Defendant appealed to the Court of Common Pleas.[2]

---

[1] Defendant owns a German Shepherd and Plaintiff owns a Jack Russell Terrier. The Jack Russell Terrier was injured during the altercation. Def.'s Pretrial Stipulation, Docket #8 (Mar. 12, 2014); Pl.'s Pretrial Stipulation, Docket #9 (Mar. 13, 2014).

[2] Receipt and Record from Court of Common Pleas, Docket #1 (July 17, 2013).

Defendant requested a jury trial and the case was subsequently transferred to this Court.[3] At trial, Defendant was found "not negligent in control of his German Shepherd" by the jury.[4] Both parties were *pro se* at trial; Mr. Modica was retained by Plaintiff only after Defendant filed a "Motion for Costs."[5]

2. Defendant now seeks reimbursement for various court costs and asserts "I had to pay this, just to defend myself and my best friend, when this case shouldn't have gone to court."[6] Plaintiff contends that this was a "good faith dispute, and that [Plaintiff] prevailed at the Justice of the Peace Court level."[7] Plaintiff disputes Defendant's contention that Plaintiff should be responsible for costs, asserting Defendant's "demand for a jury trial for a case involving a relatively small amount in dispute caused him to incur costs that he would not have incurred had the case remained in the Court of Common Pleas."[8]

3. "Under Superior Court Civil Rule 54(d) and 10 *Del. C.* § 5101, the prevailing party in a civil action may recover costs against the adverse party."[9] However, the Delaware Supreme Court has held that "[d]etermining when costs are awarded and when they are not is, in [its] judgment, a matter of judicial discretion under the statute."[10] Put another way, "there may be circumstances under which costs are not awarded to the prevailing party."[11]

4. This Court finds that this case presents such a set of circumstances. The Court agrees with the Plaintiff that Defendant incurred a great portion of his costs because he insisted on a jury trial over a relatively small dispute. Defendant may claim that this case did not have to go

---

[3] *Id.*

[4] Jury Trial Worksheet, Docket #18 (Apr. 21, 2014).

[5] Pl.'s Response at 1.

[6] Def.'s Mot. at 1. Defendant requests $620 in costs, broken down as follows: "$135 To appeal the Justice of the Peace Court 13 judgment, to the Court of Common Pleas. $185 Transfer to Superior Court of Delaware was only in order to get a jury trial. $150 Superior court mandated mediation. $150 For Superior court costs."

[7] Pl.'s Response at 1.

[8] *Id.*

[9] *Payne v. Home Depot*, 2009 WL 659073, at *7 (Del. Super. Mar. 12, 2009). *See also* 10 *Del. C.* §5101 ("Generally a party for whom final judgment in any civil action, or on a writ of error upon a judgment is given in such action, shall recover, against the adverse party, costs of suit, to be awarded by the court."); Super. Ct. Civ. R. 54(d) ("…costs shall be allowed as of course to the prevailing party upon application to the Court within ten (10) days of the entry of final judgment unless the Court otherwise directs.").

[10] *Donovan v. Delaware Water & Air Res. Comm'n*, 358 A.2d 717, 722-23 (Del. 1976).

[11] *Midcap v. Sears, Roebuck & Co.*, 2004 WL 1588343, at *1 (Del. Super. May 26, 2004).

to court, but it proceeded to Superior Court at his wishes. Under the Delaware Constitution[12] and 10 *Del. C.* § 1328(d),[13] Defendant had a right to demand a trial by jury. However, this Court is in no way obligated to subsidize that right. The Court and Plaintiff expended time and resources to accommodate Defendant's case and he is required to pay for those costs.

Therefore, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____

Richard R. Cooch, R.J.

cc:    Prothonotary

---

[12] *McCool v. Gehret*, 657 A.2d 269, 282 (Del. 1995) ("[T]he right to a jury trial in civil proceedings has always been and remains exclusively protected by provisions in the Delaware Constitution.").

[13] 10 *Del. C.* §1328 (d) ("Upon demand for trial by jury as provided in this section, the Clerk of the Court shall forthwith transmit all records in the matter and the amount necessary for commencement of an action in Superior Court to the prothonotary of the county in which the action has been commenced. Following such removal, proceedings shall continue as though the action has been commenced in Superior Court.").